**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Victor Manuel Almeida Valenzuela,

Petitioner,

v.

Pamela Bondi, et al.,

Respondents.

No. CV-26-00044-PHX-SMB (JFM)

**ORDER**

Respondents move to dismiss Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) brought under 28 U.S.C. § 2241, arguing that Petitioner was transferred out of the District on January 3, 2026, which was before his Petition was filed. Respondents are mistaken. The postmark on the envelope of the Petition reflects a mailing date of January 2, 2026. (Doc. 1-1.) Under the prison mailbox rule, the Petition is deemed filed no later than January 2, 2026—before Petitioner's transfer. *See Houston v. Lack*, 487 U.S. 266, 270–71 (1988) (under the prison mailbox rule, a legal document is deemed "filed" on the date the prisoner gives it to a prison official for mailing or deposits it in the prison's outgoing mail, rather than on the date it is filed with the clerk of court); *Huizar v. Carey*, 273 F.3d 1220, 1222–23 (9th Cir. 2001) (applying the mailbox rule to a pro se prisoner's federal habeas petition); Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts (a paper filed by "an inmate confined in an institution" is timely if deposited in the institution's internal mailing system on or before the last day for filing); *see also* Rule 1(b), Rules Governing Section 2254 Cases (permitting the Court to apply

the Rules to habeas petitions not brought under § 2254); *Fosu v. Garland*, 36 F.4th 634, 637 (5th Cir. 2022) (the prison mailbox rule applies to pro se detainees in immigration proceedings); *Boatman v. Berreto*, 938 F.3d 1275, 1277 (11th Cir. 2019) (the rule applies to anyone confined in an institution, whether civilly or criminally). Because the Petition was filed while Petitioner was confined in this District, the Court's jurisdiction attached at filing and was not defeated by his later transfer. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004); *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990) ("[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." (citation omitted)).

Respondents must therefore file a supplemental response to the Petition.

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (Doc. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that Respondents must file a supplemental response as directed herein no later than September 29, 2026. Petitioner may file a supplemental reply no later than October 6, 2026.

Dated this 21st day of September, 2026.

Honorable Susan M. Brnovich
United States District Judge